BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL No. 3081          Title:   IN RE: BECTON, DICKSON AND COMPANY IMPLANTED
                               PORT CATHETER PRODUCTS LIABILITY LITIGATION

INTERESTED PARTY RESPONSE IN SUPPORT OF TRANSFER AND
COORDINATION IN THE WESTERN DISTRICT OF MISSOURI
PURSUANT TO 28 U.S.C. § 1407

**KIMBERLY DIVELBLISS,** Plaintiff in the matter of *Kimberly Divelbliss v. Bard Access Systems, Inc. and C.R. Bard, Inc.,* 1:22-cv-00601 DHU-KK (D.N.M.), respectfully submits this Interested Party Response to the pending 5/24/2023 Motion submitted pursuant to 28 U.S.C. § 1407 requesting transfer and centralization of all actions alleging that C.R. Bard and its related entities designed, marketed, distributed, sold, and failed to provide adequate warnings about their defective implantable port devices (the "Related Implanted Port Catheter Actions"), and states that she supports centralization in the United States District Court for the Western District of Missouri before Judge Stephen R. Bough.

On 5/24/2023, Plaintiffs Jean Cunningham, Mary Nelk, Dana Beltz, Lori Prentice, Shannon Elwell, Vincent Anderson, Patrice Terry, and Debbie Groves filed their *Motion to Transfer Actions pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Transfer"),* requesting this Panel consolidate certain Related Implanted Port Catheter Actions in the United States District Court for the Western District of Missouri. (MDL No. 3081, Doc. 1). Kimberly Divelbliss supports the *Motion to Transfer* and further supports consolidation before the United States Judicial Panel on Multidistrict Litigation (the "Panel" or "JPML") and centralization in the Western District of Missouri before Judge Brian C. Wimes or Judge Stephen R. Bough.

1

Kimberly Divelbliss supports venue for this multidistrict litigation to proceed in the United States District Court for the Western District of Missouri where Kansas City's centralized geographic location will make it an easily accessible destination for Plaintiffs, Defendants, witnesses, and experts, as there are at least 11 similar actions already pending that Kimberly Divelbliss is aware of, as recognized by C.R. Bard in its 6/9/2023 *Schedule of Actions.* (MDL No. 3081, Doc. 7-2).

**INTRODUCTION**

Kimberly Divelbliss is aware that the cases listed by C.R. Bard all involve different Plaintiffs who each have suffered similar injuries caused by the use of Defendants' implanted port devices. As the pleadings in these cases all reflect: 1) Defendants designed, manufactured, marketed, distributed and sold totally implantable vascular access devices designed to provide repeated access to the vascular system for the delivery of medication, intravenous fluids, parenteral nutrition solutions, and blood products; 2) Defendants' manufacturing process in constructing the catheter implanted in Plaintiffs involved too high of a concentration of barium sulfate particles, leading to improperly high viscosity of the raw silicone before polymerization and causing improper mixing of barium sulfate particles within the silicone matrix, resulting in device failure and injury to Plaintiffs; 3) Unbeknownst to these Plaintiffs, and before Plaintiffs were implanted with these devices, Defendants received numerous adverse event reports ("AERs") involving the device failures and associated severe injuries and complications, including hemorrhage, cardiac/pericardial tamponade, cardiac arrhythmia, infection, sepsis, thromboembolism, and even death; and 4) Defendants misrepresented the safety of the implanted port catheter system, and marketed, distributed, and sold the system as a safe and effective

device to be surgically implanted to provide repeated access to the vascular system for the delivery of medications, intravenous fluids, parenteral nutrition solutions, and blood products.

The Related Implanted Port Catheter Actions all involve similar kinds of injuries and all similarly involve a common core of facts related to Defendants' wrongful and harmful conduct. The Related Implanted Port Catheter Actions all involve nearly identical legal claims based upon Defendants' misrepresentation of the safety of the port devices; Defendants' negligent design, marketing, distribution, and selling of these devices; Defendants' knowledge that these port devices were not safe for the patients to whom they were prescribed and in whom they were implanted because once implanted; and Defendants' knowledge the devices were prone to catheter fracture, bacterial colonization, potential thromboembolism, and otherwise malfunctioning and causing serious injury. All of the cases involve strict liability claims that the implatable devices were defective and unreasonably dangerous and lacked proper warnings. Kimberly Divelbliss is aware that similar actions are currently pending in federal district courts across at least Arizona, New Mexico, Missouri, Kansas and New Jersey.

**ARGUMENT**

1. **The Related Implanted Port Catheter Actions are based on the same or substantially similar questions of law and fact.**

Absent consolidation, the federal district courts in Arizona, New Mexico, Missouri, Kansas and New Jersey, among others, could issue conflicting dispositive rulings regarding the cases before them. Coordination is necessary and prudent in order to avoid duplicative discovery, promote just and efficient conduct of these cases, and prevent inconsistent rulings. Centralization in a single federal court will logically and efficiently hasten and facilitate a comprehensive remedy for individuals affected by Defendants' conduct. The similarity of the legal claims makes

centralization appropriate, and Kimberly Divelbliss agrees that best transferee forum for these actions will be the Western District of Missouri. Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 is Appropriate.

28 U.S.C. Section 1407 authorizes the Joint Panel on Multidistrict Litigation to transfer actions sharing common questions of fact to a single district for coordinated or consolidated pretrial proceedings. Kimberly Divelbliss respectfully submits that, in this case, centralization of these in the Western District of Missouri would be appropriate. A detailed recitation of the well-known standard is not necessary, and Kimberly Divelbliss relies upon the Panel's familiarity with the governing legal principles at issue. Kimberly Divelbliss additionally relies in part, and fully supports, the brief of Plaintiffs Cunningham, Nelk, Beltz, Prentice, Elwell, Anderson, Terry and Groves as set forth in the *Memorandum in Support* of their *Motion to Transfer*. (MDL No. 3081, Doc. 1-1).

The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

    a.    the elimination of duplication in discovery;
    b.    the avoidance of conflicting rulings and schedules;
    c.    the reduction of litigation cost; and
    d.    the conservation of the time and effort of the parties, attorneys, witnesses, and courts.

Each of these factors is met here.

The Related Implanted Port Catheter Actions are based on the same or substantially similar questions of law and fact. Indeed, because all the Related Implanted Port Catheter Actions assert complex, yet virtually identical, claims and allegations requiring substantial discovery into the design, manufacture, marketing, distribution, testing, and adequacy of warning of Defendants' implantable port catheter system, the actions are ideal candidates for transfer and

coordinated or consolidated pretrial proceedings. The Panel frequently centralizes large-scale medical device cases such as this since the questions of fact are common. *See, e.g.,* In *re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Lit.*, MDL No. 2846, 316 F. Supp. 3d 1380 (J.P.M.L. 2018); *In re: Atrium Medical Corp. C-Qur Mesh Prods. Liab. Litig.*, MDL No. 2753, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Lit.*, MDL No. 2666, 148 F. Supp. 3rd 1383 (J.P.M.L. 2015).

Here, centralization will prevent duplicative discovery that would only result in delaying the swift, efficient, and cost-effective adjudication of these matters. Centralization will also conserve the time and resources of all parties, including witnesses, attorneys and judicial resources, by avoiding the need for duplicate depositions, expert witnesses, evidentiary hearings, or other actions.

**2.     Transfer to the United States District Court for the Western District of Missouri is Appropriate.**

Kimberly Divelbliss agrees that the most appropriate venue for transferring and consolidating the Related Implanted Port Catheter Actions is the Western District of Missouri. This transfer is already supported by numerous other Plaintiffs, as demonstrated in the 5/24/2023 *Motion to Transfer*. (MDL No. 3081, Doc 1). Kimberly Divelbliss concurs and fully supports Plaintiffs' Cunningham, Nelk, Beltz, Prentice, Elwell, Anderson, Terry, and Groves May 24, 2023 *Motion to Transfer* requesting consolidation and transfer of the Related Implanted Port Catheter Actions to the Western District of Missouri.

The Panel typically takes numerous factors into consideration in determining the most appropriate transferee forum. Among those factors are:

(1) convenience of the parties;

(2) location of witnesses and other evidence;

(3) whether the district is in an accessible metropolitan location;(4) experience in the management of class actions and complex litigation;

(5) the caseload of the transferee district; and

(6) the number of cases pending in the jurisdiction.

*See, e.g., In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973); *In re Preferential Drug Prod. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re Tri-State Crematory Litig.*, 206 F. Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Prt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004).

While meeting all of the factors is not required, consolidation in the Western District of Missouri does meet them. The Kansas City area is a central location within the continental United States, making it convenient for all parties and witnesses to travel by air. And as pointed out in Plaintiff's 5/24/2024 *Motion to Transfer*, many of the MDL cases are already filed in the Western District of Missouri. Kimberly Divelbliss is aware that the Western District of Missouri has the requisite judicial resources and experience to manage this MDL. According to the latest available MDL Statistics report, the Western District of Missouri currently has a low MDL caseload, overseeing only four active MDL cases at present, despite judges in the Western District of Missouri having extensive experience in successfully managing class actions and complex litigation. Kimberly Divelbliss is aware that the Honorable Stephen R. Bough has previously presided over other complex multi-district litigation cases, efficiently guiding them through discovery and resolution. Kimberly Divelbiss anticipates that the related C.R. Bard actions will be factually intense and involve complicated questions of law, where the experience of Judge Bough would likely promote a quick and just resolution regarding these claims.

## CONCLUSION

For all the reasons set forth above, Kimberly Divelbliss states she fully supports the 5/24/2023 *Motion to Transfer Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* filed by Plaintiffs Cunningham, Nelk, Beltz, Prentice, Elwell, Anderson, Terry and Groves, and respectfully requests the Court GRANT all relief requested by these Plaintiffs therein.

                                            Respectfully Submitted,
                                            Lakins Law Firm, P.C.

                                            Charles N. Lakins, Esq.
                                            PO Box 91357
                                            Albuquerque, NM 87199
                                            (505) 404-9377

## **CERTIFICATE OF SERVICE**

I, Charles N. Lakins, do hereby certify that on June 14, 2023 this *Response in Support* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Charles N. Lakins, Esq.