BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BECTON, DICKINSON AND COMPANY IMPLANTED PORT CATHETER PRODUCTS LIABILITY LITIGATION | MDL No. 3081 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF KRISTON KELLEY IN SUPPORT OF TRANSFER AND COORDINATION IN THE WESTERN DISTRCT OF MISSOUI**

Kriston Kelley, Plaintiff in *Kelley v. C.R. Bard, Inc. et al.*, Case No. 6:23-cv-03044 (W.D. Mo.) ("Plaintiff Kelley"), respectfully submits this response to the pending motion submitted pursuant to 28 U.S.C. § 1407 requesting transfer and centralization of all actions alleging injury resulting from the failure of implanted port products manufactured by Becton Dickinson & Company and its related entities in the U.S. District Court for the Western District of Missouri (the "Western District of Missouri") before Judge Stephen R. Bough.

Plaintiffs Jean Cunningham, Mary Nelk, Dana Beltz, Lori Prentice, Shannon Elwell, Vincent Anderson, Patrice Terry, and Debbie Groves (collectively referred to herein as "Movants") have moved this Panel to consolidate the Related Implanted Port Catheter Products Actions in the U.S. District Court for the Western District of Missouri. (MDL No. 3081, Dkt # 1-1). Plaintiff Kelley supports this motion and supports consolidation before the United States Judicial Panel on Multidistrict Litigation (the "Panel" or "JPML") and centralization in the Western District of Missouri.

Plaintiff Kelley supports venue for this multidistrict litigation to proceed in the Western District of Missouri where she filed her lawsuit—one of the earliest filed lawsuits in this litigation. The Western District of Missouri presents a convenient, centralized forum for the

parties in this national litigation, and currently has six of the ten currently pending implanted port catheter cases pending before it. Additionally, as the Panel previously acknowledged on multiple occasions, there are multiple judges in the Western District of Missouri qualified to oversee these cases. Plaintiff Kelley respectfully submits that the Western District of Missouri would be the best, most efficient and streamlined forum for the Related Implanted Port Catheter Products Actions.

## **INTRODUCTION**

Plaintiff Kelley's case, like Movants' cases, alleges that she was implanted with an implanted port manufactured by the Defendants consisting of an injection reservoir and a flexible, polymeric catheter which included an uncoated radiopacity agent called barium sulfate. The cases further allege that the exposed barium sulfate caused microfractures, fissures, and/or other alterations to the catheter structure resulting in one or more injures common to the devices including, as alleged in Plaintiff Kelley's case, catheter fracture and migration to the heart. Liability in each case is premised on the Defendants' knowledge of these issues, their misrepresentations regarding the safety of these devices, and their negligent design, marketing, and distribution of these devices. The related cases all involve similar legal claims—strict products liability, negligence, breach of warranty and violation of state consumer protection laws.

Centralization in the Western District of Missouri will facilitate a comprehensive remedy for individuals affected by Defendants' conduct. Absent consolidation, the federal district courts in Missouri, New Mexico, New Jersey, Arizona, Kansas, among others, could issue conflicting dispositive rulings regarding liability based on essentially the same conduct by Defendants and

similar injury mechanisms. The similarity of these cases makes centralization appropriate, and the best transferee forum for these actions is the Western District of Missouri.

## ARGUMENT

The Related Implanted Port Catheter Products Actions are based on the same or substantially similar questions of law and fact. Coordination is necessary to avoid duplicative discovery, promote just and efficient conduct of these cases, and prevent inconsistent rulings.

### I. Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 is Appropriate.

Section 1407 authorizes the JPML to transfer actions sharing common questions of fact to a single district for coordinated or consolidated pretrial proceedings. Plaintiff Kelley respectfully submits that, in this case, centralization of these in the Western District of Missouri would be appropriate. A detailed recitation of the standard is not necessary, and Plaintiff Kelley relies upon the well-researched brief of Movants in their initial motion, which address the appropriate standards and the relevant facts presented by these cases supporting centralization in the Western District of Missouri. (MDL No. 3081, Dkt. # 1-1).

The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

a. The elimination of duplication in discovery;

b. The avoidance of conflicting rules and schedules;

c. The reduction of litigation cost; and

d. The conservation of the time and effort of the parties, attorneys, witnesses, and courts.

28 U.S.C. § 1407(a). Here, each of these factors are met.

The Related Implanted Port Catheter Products Actions are based on the same or substantially similar questions of law and fact. Transfer will promote the convenience of the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings. The Related Implanted Port Catheter Products Actions each assert complex, yet substantially similar claims and allegations regarding Defendants' liability based on the design and manufacturing of the products, the testing of the products' safety, the Defendants' efforts to obtain federal approval for its devices, the Defendants' monitoring and reporting of adverse events related to common product failures, and the steps Defendants took to correct or warn of the safety risks. Each of these issues will require substantial discovery into these highly complex issues, which will require essentially identical efforts by both parties. However, if decisions regarding the necessity and burden of discovery into these aspects of the cases are decided by different judges sitting in different jurisdictions, the results of the discovery are likely to vary greatly between cases. By extension, these varying discovery decisions are likely to drive varying and inconsistent decisions at trial regarding Defendants' liability. Further, discovery on an individual case basis will necessarily result in a multitudinous duplication of efforts.

The Panel frequently centralizes large-scale medical device products liability cases such as this because the questions of fact are common. *See, e.g., In re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Lit.*, MDL No. 2846, 316 F. Supp. 3d 1380 (J.P.M.L. 2018); *In re: Atrium Medical Corp. C-Qur Mesh Prods. Liab. Litig.*, MDL No. 2753, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Lit.*, MDL No. 2666, 148 F. Supp. 3rd 1383 (J.P.M.L. 2015). Here, centralization will help prevent duplicative discovery that would only delay the swift, efficient and cost-effective

adjudication of these matters and inconsistent decisions. Centralization will also conserve the time and resources of all parties, including witnesses, attorney and judicial resources by avoiding the need for duplicative depositions, expert witnesses, evidentiary hearings, or other actions.

**II. Transfer to the Western District of Missouri is Appropriate.**

The most appropriate venue for transferring and consolidating the Related Implanted Port Catheter Products Actions is the Western District of Missouri and is supported by numerous Plaintiffs. Plaintiff Kelley agrees with and supports Movants' motion filed on May 24, 2023 arguing for consolidation and transfer of the Related Implanted Port Catheter Products Actions to the Western District of Missouri. (MDL No. 3081, Dkt. # 1-1).

The Panel considers numerous factors in determining the most appropriate transferee forum. Among those factor are (1) convenience of the parties; (2) location of witnesses and other evidence; (3) whether the district is in an accessible metropolitan location; (4) experience in management of class actions and complex litigation; (5) the caseload of the transferee district; and (6) the number of cases pending in the jurisdiction. *See, e.g., In re Wheat Farmers Antitrust Class Action Litig.*, 366 F.Supp. 1087, 1088 (J.P.M.L. 1973); *In re Preferential Drug Prod. Pricing Antitrust Litig.*, 429 F.Supp. 1027, 1029 (J.P.M.L. 1977); *In re Tri-State Crematory Litig.*, 206 F.Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F.Supp.2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Prt 7-12 Test Scoring Litig.*, 350 F.Supp. 2d 1363, 1365 (J.P.M.L. 2004).

Plaintiff Kelley agrees with and supports Movants' arguments showing that the Western District of Missouri sufficiently meets the above requirements making it the most appropriate transferee forum. Kansas City is a metropolitan area in a central location and recently opened a new $1.5 billion airport that has transformed air travel into and out of Kansas City, providing

convenience for the parties and witnesses. And, as Movants point out, there are already six Related Implanted Port Catheter Products Actions pending in the Western District of Missouri.

In addition to the considerations addressed in Movants' initial motion, the current caseload for the Western District of Missouri supports a finding that it is an appropriate forum. According to the latest MDL Statistics Report, as of June 15, 2023, the Western District of Missouri currently oversees only five MDL actions with a relatively small number of pending actions in each proceeding. Judge Bough, one of the proposed qualified recipients, currently oversees only one MDL with a total of only nine pending actions. For this additional reason, the relevant factors weigh in favor of the conclusion that the Western District of Missouri is an appropriate transferee forum.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff Kelley respectfully requests an Order granting Plaintiffs Cunningham, Nelk, Beltz, Prentice, Elwell, Anderson, Terry, and Groves' Motion to Transfer and Consolidation in the Western District of Missouri pursuant to 28 U.S.C. § 1407.

Dated: 6/16/2023        Respectfully Submitted,

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
901 E. St. Louis St., Suite 1200
Springfield MO  65806
Telephone:  (417) 887-4949
Fax: (417) 887-8618
nick@dhhlawfirm.com

By /s/ Nickolas W. Allen
_____
Nickolas W. Allen
Missouri Bar No. 69582
*Attorney for Plaintiff Kriston Kelley*
*Kelley v. C.R. Bard, Inc. et al.*, Case No. 6:23-cv-03044 (W.D. Mo., Feb. 3, 2023)

# CERTIFICATE OF SERVICE

      I hereby certify that on June 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered users of record in this proceeding.

                       **DOUGLAS, HAUN & HEIDEMANN, P.C.**

                       By      /s/ Nickolas W. Allen

**DHH File No. 29295-001**